# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EARL HISSONG, SR., | 1:07-CV-01383 AWI SMS HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| STATE OF CALIFORNIA, et al., | [Doc. 10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 13, 2007. On October 1, 2007, the Court dismissed the petition with leave to amend. (Court Doc. 7.)

On October 19, 2007, Petitioner filed an amended petition. (Court Doc. 10.) The Court has reviewed the amended petition, and Petitioner has failed to name a proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, petitioner names the State of California, Officer Smiley, and Bill Lockyer, as Respondents.  Although Petitioner is currently in the custody of the California Department of Corrections, neither the State, the California Attorney General nor Officer Smiley can be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner has previously been warned of this defect and has failed to cure it.  The Court will grant Petitioner one final opportunity to amend the petition to name the proper Respondent; however, failure to do so will result in a recommendation that the action be dismissed for failure to comply with a court order.  Local Rule 11-110.

Accordingly, the Court HEREBY ORDERS:

1.  Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent within thirty (30) days of the date of service of this order.  To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent.  As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined.  The Amendment should be clearly and boldly

captioned as such and include the case number referenced above, and be an original signed under penalty of perjury; and

2. Failure to comply with this order will result in a recommendation that the action be dismissed for failure to comply with a court order.  Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **November 5, 2007**              **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE