# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EARL HISSONG, SR., | 1:07-CV-01383 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CLAIM FROM SECOND AMENDED PETITION |
| v. | |
| STATE OF CALIFORNIA, et al., | [Doc. 15] |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on September 13, 2007.  On October 1, 2007, the Court dismissed the petition, with leave to amend. (Court Doc. 7.)  On October 19, 2007, Petitioner filed an amended petition.  On November 6, 2007, the Court issued an Order to Show Cause why the petition should not be dismissed for lack of jurisdiction. (Court Doc. 11.)  Petitioner filed a response to the Order to Show Cause on December 3, 2007, and a second amended petition on December 11, 2007. (Court Docs. 12, 15.)

    In his second amended petition, Petitioner raises the following claims for relief: (1) conviction obtained by guilty plea that was never made; (2) the conviction was obtained by perjured witnesses; (3) there was insufficient evidence to support the conviction; and (4) the transcripts of the proceedings do not reflect the name of the actual presiding judge. (Petition, at 5-6.)

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added).  See also, Rule 1 of the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1),(2).

Liberally construed, Claims One through Three state a potential claim under § 2254; however, Petitioner's fourth claim for relief fails to state a cognizable constitutional violation, as the vague allegation that the transcripts do not reflect the proper name of the proceeding judge does not rise to the level of a constitutional violation, and the claim must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Claim Four of the Petition be DISMISSED for failure to state a cognizable claim under § 2254; and

2. The matter be referred back to the Magistrate Judge for issuance of a scheduling order.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 4, 2008**                   /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE